[No. 20689. Department One. August 9, 1927.]

SEATTLE HARDWARE COMPANY, *Plaintiff*, v. CEDARHOME LUMBER COMPANY *et al.*, *Respondents*, F. H. HESS, *Appellant*.[1]

[1] RECEIVERS (62, 66, 88)—CLAIMS—LIABILITIES OF PROPERTY—PRIORITIES—COSTS. One who prosecutes a claim against a receiver without success, except to ultimately recover a judgment for costs on the trial of the receiver's counterclaim, has no preference right to payment of the costs, but stands in the position of a general creditor.

Appeal from a judgment of the superior court for King county, Smith, J., entered October 26, 1926, denying an application to compel payment of costs by a receiver. Affirmed.

*Herr, Bayley, Croson & Innis*, for appellant.

*Marion A. Butler*, for respondent.

PER CURIAM.—The Cedarhome Lumber Company is a corporation organized under the laws of the state of Washington. In January, 1925, it became insolvent, and Oscar G. Heaton was appointed receiver. The appellant Hess sought to foreclose a mortgage against the corporation, which action was defended by the receiver, and on a counterclaim set up by the receiver in such action, judgment for a considerable amount was rendered against Hess. On appeal to this court, that portion of the judgment running against Hess was reversed. (*Hess v. Cedarhome Lumber Co.*, 139 Wash. 107, 245 Pac. 753.) The remittitur was sent down to the superior court for Snohomish county, and a judgment for costs in the sum of $593.70 was entered against the receiver.

[1]Reported in 258 Pac. 469.

Thereafter, a petition was filed setting forth all the facts and asking that the receiver be authorized and directed to pay forthwith to the petitioner the cost judgment which had been awarded. The receiver answered the petition, admitting and denying certain portions thereof, and setting forth as affirmative defenses to the petition that there were a large number of preferred labor claims, greatly exceeding in amount the funds in the hands of the receiver; that there was certain litigation pending between the receiver and certain claimants; and that the funds now in the hands of the receiver were barely sufficient to pay the costs of administration of the receivership.

No statement of facts was brought to this court, and we gather from the briefs and transcript that this matter was submitted to the trial court on the petition and answer.

[1] In High on Receivers (4th ed.), page 423, § 339, the rule is announced:

"When receivers of a corporation institute an action for the collection of money demands alleged to be due, the proceedings being carried on for the enhancement of the fund in the receivers' hands and for the benefit of those who may be finally determined to be entitled thereto, if they are unsuccessful in such suit, the defendant is entitled to costs out of the fund in the receivers' hands."

This litigation, however, was not instituted by the receiver. It was instituted by appellant Hess. It was not for the purpose of enhancing the funds in the hands of the receiver or in any way benefiting the estate, but rather appellant Hess claimed a lien on all of the assets of the estate then in the receiver's hands. In this claim he was unsuccessful. On a counterclaim by the receiver, the receiver was ultimately unsuccessful. Appellant does not come within the rule above

announced. Having himself voluntarily instituted this litigation and having ultimately secured only a judgment for costs, he is in no better position than other general creditors of the insolvent corporation.

Judgment affirmed.